UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-11725-RGS

THERESA MARQUEZ

v.

WELLS FARGO BANK, N.A.

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

NOVEMBER 8, 2012

STEARNS, D.J.

Plaintiff Theresa Marquez brought this three-count complaint against defendant Wells Fargo Bank, N.A. (Wells Fargo). She asserts that Wells Fargo violated certain provisions of the Home Affordable Modification Program (HAMP) by failing to provide her with a permanent loan modification after she performed her Trial Period Plan (TPP) in good faith (Count I) and by refusing to evaluate fairly her subsequent HAMP applications (Count II). She further alleges that Wells Fargo violated the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A, when it failed to provide Fair and Accurate Credit Transactions Act (FACTA) disclosures during the loan application and origination process (Count III). Wells Fargo has moved to dismiss each count of the Complaint for failure to state a claim upon which relief can

be granted.

## BACKGROUND

The following facts are drawn from the Complaint and documents attached as exhibits or incorporated by reference. *See Watterson v. Page,* 987 F.2d 1, 3-4 (1st Cir. 1993).

On November 30, 2006, Marquez secured a five-year note from Community Lending, Inc., Wells Fargo's predecessor-in-interest, on a residential property located in Revere, Massachusetts. Sometime prior to December of 2009, Marquez defaulted. On February 1, 2010, she applied, through counsel, for a HAMP loan modification and was admitted into a three-month Trial Period Plan (TPP). Marquez timely made the required trial payments in March, April, and May of 2010. Nevertheless, on September 10, 2010, Wells Fargo sent Marquez a letter notifying her that her application for a permanent loan modification had been denied. Acting in reliance on Wells Fargo's representation that she could continue to make trial payments until a permanent modification was granted, she did so until the bank stopped accepting the payments in December of 2010. Marquez subsequently completed two separate HAMP application packages in April and June of 2011. Both allegedly met HAMP underwriting guidelines, but were rejected.

Marquez filed this suit in Massachusetts Superior Court on August 29, 2012,

seeking to enjoin the pending foreclosure sale of her home, to have her note permanently modified, and damages. Wells Fargo removed the case to this court on September 17, 2012, and filed the present motion on September 26.

DISCUSSION

To survive a motion to dismiss, a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal citations omitted); *see also Rodriguez–Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92, 95–96 (1st Cir. 2007).

*Counts I and II: Breach of HAMP Guidelines*

Marquez's first two counts are premised on Wells Fargo's alleged failure to abide by certain HAMP guidelines. Specifically, Marquez avers that Wells Fargo violated HAMP by failing to extend to her a permanent loan modification after she successfully completed the TPP and by refusing to evaluate fairly and in good faith her subsequent HAMP applications. *See* Compl. ¶ 11, citing HAMP, Supplemental Directive 09-01, 4/6/2009, at 18 (HAMP SD); *id.* ¶ 26, citing HAMP SD, at 4. However, as another session of this court recently explained, "[t]he prevailing view

in this district and others is that defaulted mortgagors are not entitled to sue for HAMP violations as third-party beneficiaries under an agreement between the bank and the government . . . ." *Seidel v. Wells Fargo Bank, N.A.*, 2012 WL 2571200, at *3 (D. Mass. July 3, 2012), citing *McBride v. Am. Home Mortg. Servicing Inc.*, 2012 WL 931247, at *3 (D. Mass. Mar.19, 2012); *Speleos v. BAC Home Loans Servicing, L.P.*, 755 F. Supp. 2d 304, 307 (D. Mass. 2010); *Zendejas v. GMAC Wholesale Mortg. Corp.*, 2010 WL 2490975, at *3 (E.D. Cal. June 16, 2010); *Duff v. Federal Nat. Mortg. Ass'n*, 2012 WL 692120, at *5 (E.D. Mich. Feb. 29, 2012); *Hoffman v. Bank of Am., N.A.*, 2010 WL 2635773 (N.D. Cal. June 30, 2010); *Marks v. Bank of Am., N.A.*, 2010 WL 2572988 (D. Ariz. June 22, 2010); *see also Durmic v. J.P. Morgan Chase Bank, N.A.*, 2010 WL 4825632, at *2 n.9 (D. Mass. Nov. 24, 2010) (concluding that "HAMP explicitly precludes any private right of action").[1] Because Marquez lacks standing to enforce the terms of HAMP, Counts I and II fail as a

---

[1] In support of her argument to the contrary, Marquez relies on the Massachusetts Superior Court decision in *Parker v. Bank of America, N.A.*, 2011 WL 6413615 (Mass. Super. Dec. 16, 2011). The court is unconvinced by the reasoning of *Parker*, which, as *Parker* itself acknowledged, has been regularly rejected by federal district courts. *See id.* at *7. Furthermore, while this court has recognized first-party claims for breach of contract where the lender is alleged to have breached a contract entered into with the borrower under the HAMP program (such as a TPP agreement), *see In re JPMorgan Chase Mortg. Modification Litig.*, -- F. Supp. 2d --, 2012 WL 3059377, at *8 (D. Mass. July 27, 2012), Marquez makes no contract claim in her Complaint.

matter of law.

### *Count III: Violation of Massachusetts General Law ch. 93A*

In Count III, Marquez alleges that "[d]efendant failed to provide FACTA disclosures to . . . [her] during the loan application process or prior to closing and is in violation of [Mass. Gen. Laws] ch. 93A . . . ." Under Massachusetts law, all claims asserting unfair and deceptive trade practices under Gen. Laws ch. 93A are governed by a four-year statute of limitations. Mass. Gen. Laws ch. 260 § 5A; *see also Salois v. Dime Sav. Bank of New York, FSB*, 128 F.3d 20, 24 n.5 (1st Cir. 1997). Because the Complaint alleges that Marquez's loan was originated on November 30, 2006, her chapter 93A claim is barred by the statute. *See Randall v. Laconia, N.H.*, 679 F.3d 1, 6-7 (1st Cir. 2012) (cause of action based on failure to make mandatory disclosures accrues at time of closing).

While Marquez acknowledges that her Complaint is untimely, she asserts that she did not become aware that she was entitled to FACTA disclosures until a forensic audit of the mortgage documentation was performed in November of 2009. Therefore, she claims, she is entitled to equitable tolling pursuant to the discovery rule. *See generally* 15 U.S.C. § 1681g (detailing FACTA credit score disclosure requirements). This argument conflates ignorance of the law and the discovery rule. The former is not a basis for equitable tolling, *cf. Lattimore v. Dubois*, 311 F.3d 46,

55 (1st Cir. 2002), and the latter is unavailable where, as here, the factual basis for the cause of action was not "inherently unknowable." *Geo. Knight Co., Inc. v. Watson Wyatt & Co.*, 170 F.3d 210, 213 (1st Cir. 1999). Through the exercise of reasonable diligence, Marquez would have learned at the time of the closing that the originating lender had failed to provide her with the required disclosures. *Randall*, 679 F.3d at 7. The discovery rule is thus inapplicable.

In a final attempt to avoid dismissal, Marquez contends that "[a]lthough not specifically stated," her Complaint includes an additional, timely Chapter 93A claim premised on Wells Fargo's failure to evaluate fairly her HAMP applications submitted in April and June of 2011. Pl.'s Opp. at 3. As Marquez correctly points out, various sessions of this court have concluded that while HAMP does not provide a private right of action, violations of HAMP guidelines may, under certain circumstances, provide a basis for recovery under Chapter 93A. *See Okoye v. Bank of New York Mellon*, 2011 WL 3269686, at *8 (D. Mass. July 28, 2011) (collecting cases). The Complaint here, however, not only fails to include "allegations of more than mere technical violations and clerical errors," which are necessary to support such a claim, *id.* *at 9, but totally fails to put Wells Fargo on notice of a Chapter 93A claim of this nature. The Complaint must therefore be dismissed.

## ORDER

For the foregoing reasons, defendant's motion to dismiss is <u>ALLOWED</u> without prejudice. Plaintiff's request for leave to amend her complaint <u>GRANTED</u>. The Amended Complaint must be filed within fourteen (14) days of the date of this Order.

                    SO ORDERED.

                    /s/ Richard G. Stearns

                    _____

                    UNITED STATES DISTRICT JUDGE